UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RONALD P. MARTEL,                )
          Plaintiff,             )
                                 )
     v.                          )    C.A. No. 05-11479-JLT
                                 )
NEWBURYPORT DISTRICT COURT,      )
          Defendant.             )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's self-prepared motion titled "Emergency Motion and Motion for A Hearing and Request for Court Order to Preserve and to Turn Over to this Court All Recordings in Relation to Said Incident" is DENIED.

Plaintiff is granted additional time to (1) either pay the filing fee or file an Application to Proceed Without Prepayment of Fees; and (2) file a complaint in accordance with the Federal Rules of Civil Procedure.

BACKGROUND

On July 12, 2005, plaintiff Ronald P. Martel, now confined to the Essex County House of Correction, submitted a cover letter, an affidavit and a motion requesting a hearing and a court order directing a state court to preserve certain videotapes as evidence of an alleged violation of plaintiff's constitutional rights by an unknown individual.

DISCUSSION

I.   Filing Fee

A party filing a civil complaint in this Court must either

(1) pay the $250.00 filing fee or (2) file an Application to Proceed Without Prepayment of Filing Fees and Affidavit (the "Application").  See 28 U.S.C. 1914(a) ($250.00 filing fee); 28 U.S.C. 1915 (proceedings in forma pauperis).

Because plaintiff is incarcerated, he is advised that pursuant to 28 U.S.C. § 1915(b)(1), prisoners are required to pay the full amount of the filing fee.  If plaintiff files an application to proceed without prepayment of fees, the Court will direct the appropriate prison official to withhold from his prison account and pay to the court an initial payment towards the $250.00 filing fee.  The appropriate prison official will also be directed to collect from plaintiff's prison account on a continuing basis each month until such time as the $250.00 statutory filing fee is paid in full.

Plaintiff is further advised that this action is subject to preliminary screening pursuant to 28 U.S.C. § 1915A (screening).

II.   Plaintiff Failed to File A Complaint

In order to commence a civil action in this Court, a plaintiff must file a complaint. Fed. R. Civ. P. 3.  The complaint must contain a "short and plain statement" (1) of the grounds upon which the court's jurisdiction rests and (2) of the claim(s) showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  The complaint must also contain a demand for judgment.  Id.

Although plaintiff filed a motion, he has not filed a complaint.  The motion contains no allegations demonstrating jurisdiction, a claim(s) for relief, or a demand for judgment sufficient to comply with the strictures of Rule 8.

Because pro se pleadings are to be construed generously, the Court will grant time to plaintiff to file a complaint that conforms with the Federal Rules of Civil Procedure and the Local Rules of this Court.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings); <u>McClellon v. Lone Star Gas Company</u>, 66 F.3d 98, 103 (5th Cir. 1995) (pro se complainant should be given leave to amend defective allegations; amended complaint filed to cure Rule 8 pleading deficiencies relate back to the original, deficient complaint when the amended complaint properly pleads what the party "attempted to set forth" in the original complaint); <u>Case v. Califano</u>, 441 F. Supp. 304, 306 n. 1 (D. S.C. 1977) (filing of a copy of the Appeals Council rejection letter was sufficient to commence civil action where court has "seen all types of scraps of paper construed as proper complaints in pro se prisoner actions."); <u>see</u> <u>also</u> <u>Instituto de Educacion Universal Corp. v. Department of Educ.</u>, 209 F.3d 18, 23 (1st Cir. 2000) (stating that court was "troubled" by rigid approach to the construction of pleadings; where action had been transferred to the court without a complaint it could direct litigant to file a

complaint).

However, if plaintiff decides to file a complaint based upon the same set of facts, such action would be subject to dismissal. See Gibson v. Berryhill, 411 U.S. 564, 577 (1973) (Younger calls for outright dismissal of federal action where there is an opportunity to present all claims to the state court); Johnson v. Board of Bar Overseers of Mass., 324 F. Supp. 2d 276, 285 (D. Mass. 2004) ("Younger contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts," citing Gibson v. Berryhill, 411 U.S. at 577).

Here, plaintiff's motion attempts to raise matters in the federal court, which are inextricably intertwined with on-going state criminal proceedings. The federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings." Younger v. Harris, 401 U.S. 37, 46 (1971); In re Justices of the Superior Court, 218 F.3d 11, 16 (1st Cir. 2000). See also Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 237-38 (1984) (federal court abstention from jurisdiction appropriate where "federal claims could have been or could be presented in ongoing state judicial proceedings that concern important state interests."); Rio Grande Community Health v. Rullan, 397 F.3d 56, 68-69 (1st Cir. Feb. 14, 2005)(discussing

Younger and Colorado River[1] Abstention doctrines).

A federal court must abstain from reaching the merits of a case over which it has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit. See Brooks v. New Hampshire Supreme Court, 80 F.3d 633 (1st Cir. 1996) citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

Here, plaintiff's request for this Court to interfere with pending state-initiated criminal proceedings implicates all three prongs of the test, warranting Younger abstention.[2]  The state

---

[1] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)

[2] While there are exceptions to Younger abstention which would allow a plaintiff to obtain relief in the federal courts, even though doing so would interfere with ongoing state-initiated proceedings, Plaintiff's case does not fall in these categories. He  has not set forth any grounds for demonstrating "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." See Bettencourt v. Board of Registration in Medicine, 904 F.2d 772, 779 (1st Cir. 1990) citing Younger, 401 U.S. at 54. Extraordinary circumstances may be found, for example, where the state statute or rule under which the federal plaintiff is prosecuted or sued in state court is "flagrantly and patently violative of express constitutional prohibitions in every clause," or where the federal plaintiff demonstrates "'bad faith [prosecution], harassment or any other unusual

proceedings provide an adequate opportunity for plaintiff to seek relief from the state court with respect to the incident alleged in plaintiff's motion.

### ORDER

ACCORDINGLY, it is hereby

ORDERED, plaintiff's Emergency Motion is DENIED; and it is further

ORDERED, if plaintiff Ronald Martel wishes to proceed with this action, he shall, within 42 days of the date of this Order, (1) either pay the $250 filing fee or submit an Application to Proceed Without Prepayment of Fees and Affidavit; and (2) file a complaint in accordance with the Federal Rules of Civil Procedure.

The Clerk is directed to send to plaintiff (1) an Application to Proceed Without Prepayment of Fees and Affidavit; and (2) a copy of "Step by Step: A Simple Guide to Filing a Civil

---

circumstances that would call for equitable relief.'" Malachowski v. City of Keene, 787 F.2d 704, 708 (1st Cir.), cert. denied, 479 U.S. 828 (1986); Landrigan v. City of Warwick, 628 F.2d 736, 743 (1st Cir. 1980).

In order to invoke one of the exceptions to the Younger doctrine, the defendant in a criminal case must make sufficient specific factual allegations which support an inference that the particular exception applies and cannot rely on general claims of misconduct. Saunders v. Flanagan, 62 F. Supp. 2d 629, 634 (D. Conn. 1999). Plaintiff has failed to do so here.

Action."

 SO ORDERED.

```
 7/20/05                      /s/ Joseph L. Tauro
DATE                          UNITED STATES DISTRICT JUDGE
```